UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

**CHARLES R. MCNICHOLS**                                                                                       **PLAINTIFF**

**v.**                                                                              **CIVIL ACTION NO. 5:24-CV-P58-CRS**

**KENTUCKY DEPARTMENT OF CORRECTIONS et al.**                                **DEFENDANTS**

### MEMORANDUM OPINION

Plaintiff Charles R. McNichols, a prisoner proceeding *pro se*, initiated this 42 U.S.C. § 1983 action. The complaint is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the following reasons, Plaintiff's claims will be dismissed.

### I. STATEMENT OF CLAIMS

Plaintiff, who was incarcerated at the Western Kentucky Correctional Complex (WKCC) at the time he filed his complaint, sues Kentucky Department of Corrections (KDOC) Correctional Officials at WKCC Warden Bobbi Jo Butts, Deputy Warden Chris Hatton, and "ADA Coordinator" Dan Smith in their individual and official capacities.

Many of Plaintiff's allegations have to do with "embezzle[ment]" from his prison trust account and personal property items which went missing from two different facilities in 2023. He alleges that "they" have stolen from his stimulus checks, his prisoner trust account, and accounts belonging to his mother and step-father. He also alleges that several televisions, food, and clothing sent to him in the mail were not given to him.

Plaintiff also alleges that he was "stabbed by 3 top ranking officials by an organization" while he was housed at the Kentucky State Penitentiary (KSP). He also alleges that "several administrative hits . . . have been orchestrated by the administration in other institutions as well,"

including Luther Luckett Correctional Complex (LLCC), Northpoint Training Center, Little Sandy Correctional Complex (LSCC), and Kentucky State Reformatory. He states that "it all began in 2016" by non-Defendants Robert Bearden and James Coyne. He seems to suggest that a "hit" on him at KSP involved Defendant Dan Smith who was employed there at that time.

Plaintiff also complains of being held in the Special Management Unit (SMU) on several occasions and that "outside charges" were brought against him in Elliott County Circuit Court.[1] Plaintiff refers to a plea deal and a final sentencing and indicates that exhibits related to that case, as well as a case pending before the Honorable Judge Rebecca G. Jennings, were taken and not returned to him. According to the Complaint, he has been falsely detained on a February 2023 "fake plea deal."

Plaintiff requests $100,000,000, "immunity," and transfer to federal prison.

Since filing his Complaint, Plaintiff has filed over 200 pages of what he refers to as exhibits. DN 12. The exhibits include approximately 100 pages related to disciplinary write-ups at various state prisons, documents from a Butler County Circuit Court case, and multiple documents regarding his assignment to restrictive housing.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1) and (2). When determining whether a plaintiff has stated a claim upon which relief may be granted, the Court must construe the complaint in a light most favorable to the plaintiff

---

[1] The Court notes that LSCC is located in Elliott County and that Plaintiff's exhibits show that he was written up for having a homemade weapon at LSCC on August 9, 2022. DN 12, PageID #: 44.

and accept all the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 555, 557).

### A. Loss of Funds and Personal Property

The Due Process Clause of the Fourteenth Amendment prohibits public officers from unlawfully taking a person's property. However, "[t]he unauthorized, intentional deprivation of a prisoner's property does not give rise to a due process claim if the state provides an adequate post-deprivation remedy." *Weatherspoon v. Woods*, No. 16-1277, 2017 WL 3923335, at *3 (6th Cir. Feb. 24, 2017) (citing *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Parratt v. Taylor*, 451 U.S. 527, 541 (1981), *overruled in part by Daniels v. Williams*, 474 U.S. 327 (1986)). To assert a claim for deprivation of property without due process pursuant to § 1983, the Supreme Court has held that a plaintiff must allege that state post-deprivation procedures are inadequate to remedy the deprivation. *Parratt*, 451 U.S. at 543-44. The law of this Circuit is in accord. The Sixth Circuit has held that Kentucky's statutory remedy for such losses is adequate within the meaning of *Parratt*. *See Wagner v. Higgins*, 754 F.2d 186, 191-92 (6th Cir. 1985).

Thus, because Plaintiff has adequate state law remedies for the alleged loss of funds and property, he fails to state a constitutional claim upon which relief may be granted.

### B. "Hits"

Plaintiff does not implicate any of the individual Defendants in his claims that "hits" have been orchestrated against him at various prison facilities, except that he appears to allege that a "hit" on him at KSP involved Defendant Smith. He states that "it all began in 2016" by non-Defendants and that he is "filing a class-action lawsuit over these very important matters."[2]

Plaintiff's allegations of "hits" are confusing and lacking in detail. For example, he states that, "I got stabbed by 3-9 [] ranking officials by an organization. K.S.P., Kentucky State Penitentiary [illegible] administration conflicts." Further, his allegations of "hits" at KSP, LLCC, Northpoint Training Center, LSCC, and Kentucky State Reformatory by prison officials are entirely vague and conclusory and, except possibly Defendant Smith, do not relate to Defendants in this case.

These broad and conclusory allegations are not entitled to the assumption of truth. *See Abner v. Focus: Hope*, 93 F. App'x 792, 793 (6th Cir. 2004) (stating that the court is not "required to accept non-specific factual allegations and inferences or unwarranted legal conclusions"). Plaintiff's conclusions are not supported by factual allegations that would "plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. Further, "'[c]onspiracy claims must be pled with some degree of specificity and . . . vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim.'" *Ctr. for Bio-Ethical Reform, Inc. v. City of Springboro*, 477 F.3d 807, 832 (6th Cir. 2007) (quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1538-39 (6th Cir. 1987)).

---

[2] Plaintiff has not sought to certify a class in this case.

Because "[c]onclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim under § 1983," *Mims v. Simon*, No. 1:22-CV-323, 2022 WL 1284106, at *9 (W.D. Mich. Apr. 29, 2022) (citing *Iqbal*, 556 U.S. at 678–79; *Twombly*, 550 U.S. at 555), the Court dismisses Plaintiff's claim related to alleged "hits" for failure to state a claim upon which relief may be granted. *See, e.g.*, *Bey v. Finco*, No. 16-2373, 2017 WL 4546630, at *2 (6th Cir. June 6, 2017) (because "the claim proceeds through repeated labels and conclusions rather than supporting facts that plausibly suggest the validity of [the plaintiff's] conclusions [that the defendants deliberately exposed him to danger]," the Sixth Circuit affirmed dismissal for failure to state a claim).

### C. Plea deal and state court charges

To the extent that Plaintiff is challenging his plea deal, this civil-rights action is not the proper place to do so. Plaintiff may pursue this challenge through a habeas corpus petition filed under 28 U.S.C. § 2254, but not a civil rights complaint filed under § 1983. *See Wershe v. Combs*, 763 F.3d 500, 504 (6th Cir. 2014) ("Where the relief sought is 'a determination that he is entitled to immediate release or a speedier release from that imprisonment,' the prisoner must pursue relief through a writ of habeas corpus, not through § 1983.") (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)).

Additionally, the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477, 487 (1994), "extends the *Preiser* rule to include § 1983 suits which request monetary, rather than injunctive, relief[.]" *Chatman v. Slagle*, 107 F.3d 380, 382 (6th Cir. 1997). *Heck* and other Supreme Court cases, read together, "'indicate that a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison

proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration.'" *Kraus v. Kentucky*, No. 5:20-CV-191-BJB, 2021 WL 2584088, at *2 (W.D. Ky. June 23, 2021) (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005)).

### III. CONCLUSION

For the foregoing reasons, the Court will, by separate Order, dismiss this action.

Date: September 16, 2024

Charles R. Simpson III, Senior Judge
United States District Court

cc: Plaintiff, *pro se*
    Defendants
4411.009

6